S13Y1591. IN THE MATTER OF DAVID MICHAEL SHEARER.
(749 SE2d 739)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel, recommending that the Court impose a suspension of 30 months on David Michael Shearer (State Bar No. 639170) as reciprocal discipline for the equivalent length suspension imposed in New York. Shearer, who was admitted to the State Bar in 1988, is currently under administrative suspension in this State for failure to pay current bar dues.

The State Bar filed a notice of reciprocal discipline and attached a certified copy of the order of the Supreme Court of New York, Appellate Division, First Judicial Department. See Rule 9.4 (b) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The Bar supplemented its filing with a copy of the published per curiam

opinion issued with the order, see *In the Matter of Shearer*, 94 A.D.3d 128, 940 N.Y.S.2d 570 (N.Y.A.D. 1 Dept. 2012). Shearer acknowledged service and submitted a letter to the Office of General Counsel setting forth his objections to the recommended discipline.

The New York appellate court found that in connection with a fee dispute with another lawyer, Shearer testified falsely before the trial court, the disciplinary committee, and the disciplinary referee regarding the existence of a retainer agreement, made the same false claim in documents filed with the trial court and the Office of Court Administration, improperly notarized signatures, and sought an infant's compromise order without informing the court of the fee dispute or giving notice to the other attorney involved in the dispute.

In addressing Shearer's objections, the Review Panel first rejected Shearer's request that he be permitted to retire from the State Bar of Georgia, finding that Shearer was not eligible to retire under Rule 1-202 (d) or withdraw under Rule 1-208 (a) because he is not in good standing and is the subject of a disciplinary proceeding. It also found that although Shearer stated that he had no intention of returning to the practice of law in Georgia, there is no provision in the Bar Rules for a geographic limitation on the ability to practice law in Georgia. Second, the Review Panel found that the procedural history outlined in the New York court's opinion demonstrated that Shearer was not denied notice or opportunity to be heard in the New York disciplinary proceeding. It also noted that Shearer failed to offer any documentation from the underlying proceeding. Third, the Review Panel rejected Shearer's contention that there was insufficient proof of misconduct within the meaning of Rule 9.4 (b) (3) (ii). It relied upon the New York court's detailed opinion and found that there was sufficient proof to support the findings of the disciplinary referee and the hearing panel. The Review Panel found that none of Shearer's exceptions to reciprocal discipline established any of the elements listed in Bar Rule 9.4 (b) (3) that would justify a recommendation of discipline other than that imposed in New York and thus recommended imposition of a suspension of 30 months to begin on the date of this Court's opinion.

Having reviewed the record in this case, this Court hereby adopts the Review Panel's recommendation. It is ordered that David Michael Shearer is suspended from the practice of law in Georgia for 30 months, effective as of the date of this opinion. Shearer is reminded of his duties under Bar Rule 4-219 (c).

*Thirty-month suspension. All the Justices concur.*

DECIDED OCTOBER 7, 2013.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.